| | |
|---|---|
| ABRAMSON & DENENBERG, P.C.<br>BY: ALAN E. DENENBERG<br>IDENTIFICATION NUMBER: 54161<br>1315 WALNUT STREET, 12TH FLOOR<br>PHILADELPHIA, PA 19107<br>215-546-1345 | **ATTORNEY FOR PLAINTIFF** |

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EUGENE ROBINSON<br>7500 GERMANTOWN AVE.<br>APARTMENT 132<br>PHILADELPHIA, PA<br>    Plaintiff | CIVIL ACTION<br><br>NO. |
| v. | JURY TRIAL DEMANDED |
| OFFICER SHAWN LODUCA<br>1515 ARCH STREET, 15TH FLOOR<br>PHILADELPHIA, PA. 19102<br>    AND<br>PHILADELPHIA SHERIFF JOHN DOE<br>34 SOUTH 11TH ST.<br>PHILADELPHIA, PA 19107<br>    AND<br>U.S. MARSHALL JOHN DOE<br>2110 U.S. COURTHOUSE<br>601 MARKET STREET<br>PHILADELPHIA, PA 19106<br>    AND<br>CITY OF PHILADELPHIA<br>1515 ARCH STREET, 15TH FLOOR<br>PHILADELPHIA, PA. 19102 | |

**COMPLAINT**

1. Plaintiff, Eugene Robinson, is an adult citizen of the Commonwealth of Pennsylvania, whose date of birth is November 20, 1950 and who resides as captioned.

2. Defendant, Officer Shawn Loduca, was at all material times an officer with the City of Philadelphia Police Department. Police Officer Loduca is being sued both individually and in his official capacity as an officer, agent and/or employee of the

defendant, City of Philadelphia.

3. Defendant, Philadelphia Sheriff John Doe, was at all material times an officer/employee/agent with the City of Philadelphia Sheriff's Department. Philadelphia Sheriff John Doe is being sued both individually and in his official capacity as an officer/employee/agent of the City of Philadelphia Sheriff's Department.

4. Defendant, U.S. Marshall John Doe, was at all material times an officer with the Department of Justice, U.S. Marshall Service. U.S. Marshall John Doe is being sued both individually and in his official capacity as an officer, agent and/or employee of the United States of America.

5. At all material times, defendant, Officer Shawn Loduca, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the defendant, City of Philadelphia.

6. At all material times, defendant, Philadelphia Sheriff John Doe, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of his employer, the City of Philadelphia Sheriff's Department.

7. At all material times, defendant, U.S. Marshall John Doe, acted within the course and scope of his employment, under the color of state and/or federal law and pursuant to the customs, policies and practices of the Department of Justice, U.S. Marshall Service and United States of America.

8. Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

9. At all material times, defendant, City of Philadelphia, was charged with the

responsibility of testing, hiring, training and supervising members of the City of Philadelphia Police Department including in particular, defendant, Officer Loduka.

10. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §1331 and §1343.

11. Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

12. On or about August 4, 2008, the Plaintiff, Eugene Robinson, saw his picture in The Philadelphia Daily News under the caption "Week's Most Wanted", which was followed by a short blurb that incorrectly stated that the Plaintiff was wanted in regard to a rape that occurred in February of 2008.

13. After seeing his picture in the newspaper, and reading the article, the Plaintiff voluntarily turned himself in to defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, so he could clarify to authorities that he had nothing to do with the alleged rape and clear his name.

14. In February of 2008, another Eugene Robinson, who resided at the place of the alleged rape, 5828 Vine Street, Apt. 2nd Floor, and who had a date of birth March 19, 1953, had been arrested regarding the rape and brought into police headquarters, where he gave a statement admitting his encounter with the victim of the alleged rape.

15. The aforementioned Eugene Robinson, who was not the Plaintiff, was then released pending further investigation.

16. The Plaintiff, who was also named Eugene Robinson, never lived at 5828 Vine Street, Apt. 2nd Floor, never had an encounter with the victim of the alleged rape, never gave a

statement to the police in February of 2008 regarding the alleged rape, and was born on November 20, 1950.

17. Notwithstanding the fact that the Plaintiff never lived at 5828 Vine Street, Apt. 2nd Floor, never had an encounter with the victim of the alleged rape, was not born on March 19, 1953, and was not the person who gave a statement in February regarding the alleged crime, when he voluntarily turned himself in on August 4, 2008, defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, wrongfully and illegally arrested the Plaintiff, without probable cause or reasonable suspicion, shackled him, and placed him in a small room for eight or nine hours.

18. Defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, never interviewed/questioned the Plaintiff, or took any other steps to verify if he was the person wanted in connection with the alleged rape, but instead, with deliberate indifference to the Plaintiff's constitutional rights, processed the Plaintiff, strip searched him, put a red arm band on him that said "rape", and sent him to CFCF.

19. Bail was set at $100,000.00, which Plaintiff could not make, and as a result of the illegal arrest, the Plaintiff was forced to spend 5 months in jail, until the charges were finally dismissed/withdrawn in Plaintiff's favor on January 15, 2009.

20. Because of the Plaintiff's illegal arrest and illegal incarceration, a detainer was wrongfully lodged against him, and after being released from CFCF, he was sent to Bucks County Prison, where he spent another eight months in jail.

21 As a direct and proximate result of the aforementioned acts and conduct of the defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, the Plaintiff, Eugene Robinson, sustained injuries including, but not limited to: severe emotional

distress, anxiety, and loss of liberty, all or some of which the Plaintiff is advised may be permanent in nature.

22. As a direct and proximate result of the aforementioned actions of the defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, the Plaintiff, Eugene Robinson, suffered disability, mental anguish and emotional distress and will continue to suffer same for an indefinite time in the future to his great detriment and loss.

23. As a direct and proximate result of the aforementioned actions of the defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, Plaintiff, Eugene Robinson, has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to his great detriment and loss.

24. As a direct and proximate result of the aforementioned actions of the defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, Plaintiff, Eugene Robinson, has and will hereinafter incur other financial expenses and losses.

### COUNT I – 42 U.S.C. §§ 1983 and 1988
### FALSE ARREST AND FALSE IMPRISONMENT
### ROBINSON v. OFFICER LODUKA AND/OR SHERIFF JOHN DOE AND/OR U.S. MARSHALL JOHN DOE

25. Paragraphs 1 through 24 are incorporated herein by reference as though each were fully set forth below.

26. Defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, lacked probable cause or legal justification to arrest the Plaintiff, thereby violating his right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

27. Accordingly, defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, caused Plaintiff to be imprisoned and prosecuted, without probable cause or legal justification, in violation of the Plaintiff's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

28. As aforesaid, defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, acting within the course and scope of his employment, under the color of state and/or federal law, and pursuant to the customs, policies, and practices of his employer; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from false arrest, and false imprisonment by an officer; which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

29. As aforesaid, defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, acting within the course and scope of his employment, under the color of state and/or federal law, and pursuant to the customs, policies and practices of his employer, intentionally and maliciously arrested, imprisoned, humiliated, insulted and assaulted, plaintiff, Eugene Robinson, and used his position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

30. Defendant, Officer Loduka's and/or Sheriff John Doe's and/or U.S. Marshall John Doe's, conduct in causing the Plaintiff to be falsely arrested and imprisoned on the aforementioned occasion was the proximate cause of Plaintiff's damages, including, but not limited to, emotional damage, the loss of liberty, and economic damage.

31. The above-described actions of the defendant, Officer Loduka and/or Sheriff

John Doe and/or U.S. Marshall John Doe, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Eugene Robinson, demands compensatory and punitive damages against defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, for violating his Fourth and Fourteenth Amendment right to be free from false arrest and false imprisonment, in an amount in excess of One Hundred and fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT II – 42 U.S.C. §§ 1983 and 1988
### MALICIOUS PROSECUTION
### ROBINSON v. OFFICER LODUKA AND/OR SHERIFF JOHN DOE AND/OR U.S. MARSHALL JOHN DOE

32. Paragraphs 1 through 31 are incorporated herein by reference as though each were fully set forth below.

33. As aforesaid, defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, acting within the course and scope of his employment, under the color of state and/or federal law and pursuant to the customs, policies and practices of his employer; deprived Plaintiff, Eugene Robinson of his rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from false arrest, false imprisonment and malicious prosecution; all of which actions violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

34. As aforesaid, defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, acting within the scope of his employment, under the color of state

and/or federal law and pursuant to the customs, policies and practices of his employer, intentionally and maliciously humiliated, threatened, accused, abused and insulted Plaintiff and used his position of authority, illegally and improperly to punish the Plaintiff, by the above described actions, all of which actions violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

35. As aforesaid, defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, acting within the scope of his employment, under the color of state and/or federal law and pursuant to the customs, policies and practices o his employer, intentionally caused the false arrest, false imprisonment and malicious prosecution of the Plaintiff, without probable cause, without privilege and against the Plaintiff's will and caused the Plaintiff to be subjected to criminal proceedings, by the above described actions, all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

36. As aforesaid, the criminal proceedings were initiated by defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, against the Plaintiff with malice, and all of the charges against the Plaintiff were terminated in the Plaintiff's favor.

37. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, the Plaintiff suffered injuries that are described above.

38. The above-described actions of the defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. '§§1983 and '1988 and the Plaintiff demands compensatory and punitive damages against defendant, Officer Loduka and/or Sheriff John Doe and/or U.S. Marshall John Doe, in his individual capacity, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

<u>**COUNT III– 42 U.S.C. §§ 1983 and 1988**
**MONELL CLAIM - FAILURE TO TRAIN AND SUPERVISE**
**EUGENE ROBINSON V. CITY OF PHILADELPHIA**</u>

39. Paragraphs 1 through 38 are incorporated herein by reference as though each were fully set forth below.

40. The plaintiff believes and therefore avers that the City of Philadelphia has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of violating the constitutional rights of citizens, including, but not limited to, a policy of falsely arresting, falsely imprisoning and maliciously prosecuting innocent people, which policy is in violation of the United States Constitution.

41. The plaintiff believes and therefore avers that the defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, regarding constitutional restraints on the police power to falsely arrest and falsely imprison individuals without probable cause and/or legal justification which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States.

42. The Defendant, City of Philadelphia, has been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from false arrests, false imprisonment, malicious prosecution, which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

43. The plaintiff believes and therefore avers, that at the time of plaintiff's incident, defendant, City of Philadelphia, knew or should have known of the above described policy of the City of Philadelphia Police Department, and that they deliberately, knowingly, and/or intentionally failed to take measures to stop or limit the policy, including, inter alias, providing proper training, supervision, and control of the officers, agents, and/or employees of the City of Philadelphia Police Department.

44. The plaintiff believes and therefore avers that at the time of the incidents alleged in Plaintiff's Complaint, defendants, City of Philadelphia knew or should have known of the above described policy, custom and practice of the City of Philadelphia Police Department, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice.

45. The plaintiff believes and therefore avers that the defendant, City of Philadelphia Police Department, has a custom or policy or practice of failing to properly investigate matters in which police officers falsely arresting and/or imprisoning individuals without probable cause and maliciously prosecute individuals, which allows for and results in an encouragement to officers within the police department to continue doing the same, and creates policies, practices, and/or procedures allowing police officers to proceed in this manner and creates an atmosphere for the allowance of false arrests and imprisonments and malicious prosecution by members of the City of Philadelphia Police Department without

fear of punishment. The defendant, City of Philadelphia has been aware of the aforesaid described policies, customs and practices for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised defendant police officers and detectives, who engaged in said practices; have not effectively trained police officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policies and practices described to the deliberate indifference of the constitutional rights of the citizens of the City of Philadelphia.

46. By failing to take action to stop or limit the policies and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, defendant, condoned, acquiesced in, participated in, and perpetrated the policies in violation of the plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments of the Constitution of the United States.

47. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, City of Philadelphia, and the aforementioned defendants, the plaintiff suffered injuries described above.

**WHEREFORE**, pursuant to 42 U.S.C. ' 1983 and ' 1988, plaintiff, Eugene Robinson, demands compensatory damages against defendant, City of Philadelphia, in an amount in excess of One Hundred and fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

RESPECTFULLY SUBMITTED,

BY: _____
ALAN DENENBERG, ESQUIRE